IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRITTANY CHAFFIN, On Behalf of Herself and All Others Similarly Situated, | ) ) ) |
| *Plaintiff*, | ) COLLECTIVE ACTION ) ) CASE NO. _____ |
| v. | ) ) JUDGE _____ |
| KC LUCKY BASTARD, LLC, d/b/a LUCKY BASTARD SALOON, KC WHISKEY RIVER, LLC, d/b/a WHISKEY RIVER SALOON, KELLY COMPANIES OF SOUTHERN CALIFORNIA, LLC, and KELLY OPERATIONS GROUP, LLC, | ) ) ) JURY DEMAND ) ) ) ) ) |
| *Defendants*. | ) |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff Brittany Chaffin brings this action against Defendant KC Lucky Bastard, LLC (d/b/a Lucky Bastard Saloon), KC Whiskey River, LLC (d/b/a Whiskey River Saloon), Kelly Companies of Southern California, LLC, and Kelly Operations Group, LLC (collectively "Defendants"), to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff asserts these claims as a collective action on behalf of herself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), to remedy violations of the FLSA by Defendants.

2. Defendants are employers within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07, of employees, including Plaintiff, who work at Defendants' Lucky Bastard Saloon and/or

Whiskey River Saloon, both of which are located in Nashville, Tennessee[1]. Plaintiff and those similarly situated worked as tipped employees (such as bartenders and servers) at Defendants' Lucky Bastard Saloon and/or Whiskey River Saloon in Nashville, Tennessee. Defendants paid Plaintiff and those she seeks to represent a tipped hourly wage less than the statutory $7.25 per hour minimum wage and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek under the tip credit provisions of the FLSA (hereafter, "Tip Credit Employees"). Defendants, however, failed to satisfy the requirements for utilizing the tip credit to meet their minimum-wage and overtime obligations to their Tip Credit Employees by: (1) requiring Tip Credit Employees to share their earned tips with employees who have no or only *de minimis* interaction with customers while taking a tip credit; and (2) requiring Tip Credit Employees to work dual jobs—one job that involves tipped work and another job that involves spending a substantial amount of time performing non-tipped work before and after serving customers and throughout their shift—all while being paid less than the statutory minimum wage. As a result of these violations, Defendants are not permitted to rely on the "tip credit" to satisfy its minimum wage and overtime obligations under the FLSA and therefore has failed to pay the required minimum wage, pursuant to 29 U.S.C. § 206, and overtime wage, pursuant to 29 U.S.C. § 207. Plaintiff and those she seeks to represent are therefore entitled to recover the statutory $7.25 per hour minimum wage for all regular hours worked in a workweek (and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek), liquidated damages, and all attorneys' fees and costs. 29 U.S.C. § 216(b).

        3.        Plaintiff asserts all of the above-mentioned FLSA claims as a collective action, on

---

[1] Lucky Bastard Saloon is located at 408 Broadway, Nashville, TN 37203, and Whiskey River Saloon is located at 111 Broadway, Nashville, TN 37201.

behalf of herself and all others similarly situated, pursuant to pursuant to 29 U.S.C. § 216(b).

## I. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and raise a federal question pursuant to 28 U.S.C. § 1331.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## II. PARTIES

6. Plaintiff Brittany Chaffin is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff Chaffin began working for Defendants in or around February of 2023 and is a current employee. Plaintiff Chaffin started her employment with Defendants working as a bartender at their Lucky Bastard Saloon located in Nashville, Tennessee in or around February of 2023 and is current employee there. In or around September of 2024 Plaintiff also began working as a bartender at Defendants' Whiskey River Saloon located in Nashville, Tennessee. As of the date of the filing of this Complaint, Plaintiff has not been assigned to work any bartending shifts at Whiskey River Saloon since approximately November of 2025. As a bartender at both Defendants' Lucky Bastard Saloon and Whiskey River Saloon, Plaintiff Chaffin was paid an hourly wage below $7.25 per hour, plus customer tips (*i.e.*, Plaintiff is a Tip Credit Employee).

7. Plaintiff brings this action on behalf of herself, and all similarly situated current and former employees who worked as Tip Credit Employees for Defendants at their Lucky Bastard Saloon and/or Whiskey River Saloon, in Nashville, Tennessee.

8. Defendant KC Lucky Bastard, LLC, is a member managed Tennessee limited liability company with both its principal office address and mailing address on the Tennessee

Secretary of State's website listed as 853 Camino Del Mar, Suite 200, Del Mar, California 92014-2804.

9. Defendant KC Whiskey River, LLC, is a member managed Tennessee limited liability company with both its principal office address and mailing address on the Tennessee Secretary of State's website listed as 853 Camino Del Mar, Suite 200, Del Mar, California 92014-2804.

10. Defendant Kelly Companies of Southern California, LLC, lists both its principal office address and mailing address on the California Secretary of State's website listed as 853 Camino Del Mar, Suite 200, Del Mar, California 92014-2804.

11. Defendant Kelly Operations Group, LLC, is a Pennsylvania limited liability company that lists its principal address on the Pennsylvania Secretary of State's website as 853 Camino Del Mar, 200, Del Mar, California 92014.

12. Defendant Kelly Operations Group, LLC, lists its registered agent on the Pennsylvania Secretary of State's website as Corporation Service Company. Upon information and belief, Corporation Service Company maintains an address where Defendant Kelly Operations Group, LLC may be served at 5235 North Front Street, Harrisburg, Pennsylvania 17110.

13. Defendant Kelly Companies of Southern California, LLC does business as and/or goes by the name "Kelly Companies."

14. Defendant Kelly Companies of Southern California, LLC is a multi-concept restaurant operator with concepts that include Lucky Bastard Saloon and Whiskey River Saloon.

15. Defendant Kelly Companies of Southern California, LLC owns and/or operates KC Lucky Bastard, LLC (d/b/a Lucky Bastard Saloon).

16. Defendant Kelly Companies of Southern California, LLC owns and/or operates KC

Whiskey River, LLC (d/b/a Whiskey River Saloon).

17. Upon information and belief, Defendant Kelly Operations Group, LLC, conducts some or all of its business out of a building located at 1000 Jacks Run Road, North Versailles, Pennsylvania 15137, including, but not necessarily limited to, payroll services.

18. Defendants list a business address of 1000 Jacks Run Road, North Versailles, Pennsylvania 15137 on Plaintiff's pay statements. Examples of Plaintiff's pay statements are attached hereto as Exhibit A.

19. Defendants list a business phone number affiliated with Kelly Companies, on some of Plaintiff's pay statements. *See* Exhibit A.

20. Defendants all share a principal office address located at 853 Camino Del Mar, Suite 200, Del Mar, California 92014.

21. Defendants have integrated websites.

22. Kelly Companies has a website at www.kellycompanies.com. This website identifies Lucky Bastard Saloon and Whiskey River Saloon as two of Kelly Companies' restaurant concepts. *See* https://www.kellycompanies.com/restaurant-concepts.

23. Kelly Companies has a webpage specifically for Lucky Bastard Saloon. *See* https://www.kellycompanies.com/lucky-bastard. This webpage allows users to navigate directly to a Lucky Bastard Saloon specific website. *See* https://www.luckybastardsaloon.com/.

24. Kelly Companies has a webpage specifically for Whiskey River Saloon. *See* https://www.kellycompanies.com/whiskey-river-saloon. This webpage allows users to navigate directly to a Whiskey River Saloon specific website. *See* https://www.whiskeyriversaloon.com/.

25. Both the Lucky Bastard Saloon website and the Whiskey River Saloon website include links for users to navigate between the two websites.

26. In sum, together all Defendants act as a single business enterprise that owns, operates, oversees, manages, and profits, from the Lucky Bastard Saloon and Whiskey River Saloon.

27. At all relevant times, Defendants have been regularly engaged in interstate commerce and/or the production of goods for interstate commerce.

28. At all relevant times, Defendants have been employers within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

29. At all relevant times, Defendants have been employers of Plaintiff and those she seeks to represent within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

### III. FACTS

30. Plaintiff and similarly situated employees are current and former employees of Defendants at their Lucky Bastard Saloon and/or Whiskey River Saloon, who earned less than $7.25 per hour and received customer tips, and for whom Defendants took a tip credit for (herein referred to as "Tip Credit Employees"). Examples of Tip Credit Employees include bartenders and servers.

31. Defendants paid Plaintiff and other Tip Credit Employees an hourly wage below $7.25 per hour.

32. Defendants purport to utilize a tip credit for each hour worked by Plaintiff and other Tip Credit Employees to comply with the FLSA's required minimum wage of $7.25 per hour (and $10.88 per hour for hours worked over forty (40) in a workweek). *See* 29 § U.S.C. §§ 203(m), 206, 207.

33. Because Defendants take a tip credit under the FLSA for its Tip Credit Employees, Defendants must meet all statutory requirements for counting a portion of tips received by their

employees as satisfying the statutory minimum wage.

34. Defendants do not meet these statutory requirements for claiming a tip credit towards the minimum wage.

35. Defendants required Plaintiff and other Tip Credit Employees to contribute a portion of the tips they received from customers to other employees.

36. Defendants required Tip Credit Employees to share a portion of their earned customer tips with employees who have no or only *de minimis* interaction with customers.

37. Defendants required Tip Credit Employees to share a portion of their earned customer tips with employees who have no or only *de minimis* interaction with customers on a daily basis.

38. Defendants required Tip Credit Employees to share a portion of their earned customer tips with employees who have no or only *de minimis* interaction with customers on a weekly basis.

39. The employees who had no or only *de minimis* interaction with customers with whom Tip Credit Employees were required to share their earned tips included, for example, barbacks.

40. The FLSA does not permit tip-sharing arrangements in which Tip Credit Employees share their tips with employees who have no or only *de minimis* customer interaction.

41. Where there is an invalid tip-sharing arrangement, an employer may not utilize the tip credit.

42. Defendants required Plaintiff and other Tip Credit Employees to work jobs in both tipped occupations and non-serving, non-tipped occupations while being paid an hourly wage below the applicable minimum wage. Examples of the type of substantial, non-serving, non-tipped

work Tip Credit Employees performed include, but are not limited to: stocking and janitorial work.

43. At the beginning of their shifts, and prior to serving customers, and at the end of their shifts, after serving customers, Tip Credit Employees routinely spent several minutes performing substantial non-serving, non-tipped work.

44. For example, at both Lucky Bastard Saloon and Whiskey River Saloon, Plaintiff spent several minutes before the respective restaurant was open to customers—meaning when no customers were present in the restaurant or being served—performing work that was either wholly unrelated or not directly related to serving customers, for example, janitorial work and stocking work, while being paid at a tipped hourly rate of less than $7.25. During this time, Plaintiff was employed in a non-serving, non-tipped occupation and Defendants may not utilize the tip credit.

45. Likewise, and continuing the example above, at both Lucky Bastard Saloon and Whiskey River Saloon, Plaintiff spent several minutes after serving her last customer performing work that was either wholly unrelated or not directly related to serving customers, for example, more janitorial work, while being paid at a tipped hourly rate of less than $7.25. During this time, Plaintiff was employed in a non-tipped occupation and Defendants may not utilize the tip credit.

46. Also, throughout their scheduled shifts, during the time periods when customers were present in the respective restaurant, Tip Credit employees also spent significant time performing non-serving, non-tipped work.

47. Under the FLSA, an employer may only take a tip credit for the work performed by the tipped employee that is part of the employee's tipped occupation.

48. Plaintiff has worked over forty (40) hours in at least one workweek.

49. Defendants knew or should have known that its compensation practices and / or policies for Tip Credit Employees violate the FLSA.

## IV. COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of all similarly situated individuals who fall into the following definition and join this action by filing a consent form:

> All current and former Tip Credit Employees (as defined herein) of Defendants' who worked at Lucky Bastard Saloon and/or Whiskey River Saloon at any time since January 15, 2023.

(hereinafter "Potential Opt-In Plaintiffs").

51. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the Potential Opt-In Plaintiffs she seeks to represent, as defined directly above, worked pursuant to the common pay policies and / or practices described herein. Accordingly, Plaintiff and Tip Credit Employees are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and associated decisional law.

## V. CAUSES OF ACTION

### COUNT I
### Violations of the FLSA's Minimum and Overtime Wage Requirements

52. All previous paragraphs are incorporated as though fully set forth herein.

53. Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

54. At all times material to the allegations herein, Plaintiff and those she seeks to represent were employees of Defendants and entitled to the FLSA's protections.

55. Defendants are employers covered by the FLSA.

56. The FLSA requires employees to be paid for all time worked.

57. The FLSA entitles employees to a minimum hourly wage of $7.25 per hour for every hour worked. *See* 29 U.S.C. § 206(a).

58. The FLSA entitles employees to a minimum tipped hourly wage of $2.13 per hour for every hour worked. *See* 29 U.S.C. § 203(m)(2)(A)(i).

59. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) hours in a workweek. *See* 29 U.S.C. § 207.

60. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

61. Defendants failed to meet all the FLSA's tip-credit requirements, as set forth above.

62. Further, while employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, employers may not utilize a tip credit to satisfy their minimum wage obligations to employees working in non-tipped occupations. *See* 29 C.F.R. § 531.56(e).

63. Defendants failed to pay Plaintiff and the other Tip Credit Employees she seeks to represent the lawful minimum wage for the time they spent working in a non-tipped occupation, as set forth above.

64. Defendants' violations of the FLSA were willful because Defendants knew or should have known that their pay policies and/or practices violate clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting Plaintiff and her counsel to send notice of this FLSA lawsuit to all Potential Opt-In Plaintiffs (as defined above);

B. A finding that Defendants have violated the FLSA;

C. A finding that Defendants' FLSA violations are willful;

D. A judgment against Defendants and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages Defendants have failed and refused to pay in violation of the FLSA;

E. Prejudgment interest to the fullest extent permitted under the law;

F. Liquidated damages to the fullest extent permitted under the FLSA;

G. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

H. Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: January 15, 2026

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
**NICOLE A. CHANIN (No. 40239)**
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com